UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ANDRE BARNES,

        Petitioner,        18-CV-6060-FPG

v.                DECISION AND ORDER

C.F. SALINA, U.S. Marshall,

        Respondent.

---

## INTRODUCTION

*Pro se* Petitioner Andre Barnes, a federal pre-trial detainee currently held at the Livingston County Jail who has pending criminal charges before this Court (*United States v. Barnes*, 16-CR-6029-DGL-JWF),[1] filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 224. ECF No. 1. He seeks release from custody and dismissal of the pending criminal charges based on the invalidity of his prosecution. *Id.* Petitioner claims that the Indictment fails to state an offense, his prosecution violates double jeopardy, the United States lacks "standing" to maintain the prosecution because it was not the injured party (the charges involve child exploitation and sex-trafficking), and his speedy trial rights have been violated. *Id.* at 6-7. Petitioner paid the filing fee. For the following reasons, the Petition must be dismissed pursuant to the abstention doctrine. *See Younger v. Harris*, 401 U.S. 37, 43-44 (1971).

## DISCUSSION

The Supreme Court has held that federal courts are bound by the "basic doctrine of equity jurisprudence that courts of equity should not act, and particularly should not act to restrain a

---

[1] A Criminal Complaint was filed on September 22, 2015, Petitioner was order detained on September 24, 2015, and an Indictment was filed on March 31, 2016. *See* 16-CR-6029-DGL-JWF, ECF Nos. 1, 7, 22.

criminal prosecution, when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied equitable relief." *Id.* at 43-44. "The accused should first set up and rely upon his defense in the state courts, even though this involves a challenge of the validity of some statute, unless it plainly appears that this course would not afford adequate protection." *Id.* at 45. "Generally, no danger exists where the defendant has the opportunity to offer a defense in the criminal prosecution." *Ceglia v. Zuckerburg, Holder*, 600 F. App'x 34, 37-38 (2d Cir. 2015) (summary order) (citing *Deaver v. Seymour*, 822 F.2d 66, 69 (D.C. Cir. 1987) (affirming the denial of an attempt to enjoin prosecution by an independent counsel and noting that "in no case that we have been able to discover has a federal court enjoined a federal prosecutor's investigation or presentment of an indictment")). Petitioner will have an opportunity with counsel to challenge the federal criminal charges against him in this Court and to apply for release from custody based on the alleged flaws of his prosecution.

While *Younger* involved a case where a federal court was asked to interfere in a pending *state* criminal prosecution, its equitable principles apply where federal courts are asked to interfere in a *federal* criminal action. *See, e.g., Ceglia*, 600 F. App'x at 37-38; *Kantipuly v. Ross*, 06-CV-00792-JTE, ECF No. 3 at 4-5 (W.D.N.Y. Jan. 18, 2007). Accordingly, the Petition must be dismissed.

**CONCLUSION**

The Petition is dismissed without prejudice. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this judgment would not be taken in good faith and therefore leave to appeal as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438 (1962). Petitioner must file any notice of appeal with the Clerk's Office, United States District Court, Western District of New York, within 60 days of the date of judgment in this action. Requests to proceed

2

on appeal as a poor person must be filed with the United States Court of Appeals for the Second Circuit in accordance with the requirements of Rule 24 of the Federal Rules of Appellate Procedure.

IT IS SO ORDERED.

Dated: February 5, 2018
 Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court